IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KATHY ANN O'RILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-00562-CV-W-ODS |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| Defendant. ) | |
| ) | |

<u>ORDER AND OPINION AFFIRMING COMMISSIONER'S DECISION DENYING BENEFITS</u>

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability insurance benefits. For the following reasons, the Commissioner's decision is affirmed.

## I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination of whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but . . . enough that a reasonable mind would find it adequate to support that conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citations omitted). Though advantageous to the Commissioner, this standard also requires the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015). (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; it is relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II.    BACKGROUND

Plaintiff Kathy O'Riley was born in 1957. R. at 91, 208. She has a high school education and previously worked as a cashier and personal care assistant. R. at 17. In April 2017, Plaintiff applied for disability insurance benefits, alleging a disability onset date of April 4, 2017. R. at 15. After her application was denied, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). R. at 15. The hearing was held on November 5, 2018. R. at 15.

On December 4, 2018, the ALJ issued her decision, finding Plaintiff was not disabled. R. at 16-25. The ALJ concluded Plaintiff has severe impairments of fibromyalgia, osteoarthritis of the knees, degenerative disc disease, and obesity. R. at 17. The ALJ determined Plaintiff's depression, anxiety, dysphonia, gastroesophageal reflux disease, overactive bladder, migraines, and left wrist fracture status/post fixation surgery to be non-severe impairments. R. at 18-19. The ALJ concluded Plaintiff had the residual functional capacity (RFC) to "lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand or walk 6 hours and sit 6 hours in an 8-hour workday. She can occasionally climb, stoop, kneel, crouch, and crawl. She can frequently balance on uneven surfaces." R. at 20. Based on the RFC and the vocational expert's ("VE") testimony at the hearing, the ALJ determined Plaintiff can work as a cashier-checker, waitress, and membership solicitor. R. at 25. Plaintiff unsuccessfully appealed the ALJ's decision to the Appeals Council. R. at 1-6. She now appeals to this Court.

## III.    DISCUSSION

Plaintiff presents two arguments, which both pertain to the ALJ's RFC determination. One's RFC is the "most you can do despite your limitations." 20 C.F.R. § 404.1545(a)(1). "A disability claimant has the burden to establish her RFC." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (citation omitted). If a claimant establishes she is unable to do past relevant work, the burden shifts to the Commissioner who must prove (1) the claimant retains the RFC to do other kinds of work, and (2) other work the claimant is able to perform exists in substantial numbers in the economy. *Id.* (citations omitted). When the burden of production shifts to the Commissioner, "the burden of

persuasion to prove disability and to demonstrate RFC remains on the claimant . . . ." *Id.*

The ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of the limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000); 20 C.F.R. § 416.945(a)(32) (noting the ALJ, when assessing a claimant's RFC, will consider "relevant medical and other evidence," "statements about what [the claimant] can still do that have been provided by medical sources . . . ," and "descriptions and observations of [the claimant's] limitations from [his/her] impairments . . . including limitations that result from [the claimant's] symptoms . . . provided by [the claimant], [the claimant's] family, neighbors, friends, or other persons."). Because the RFC is a medical question, "an ALJ's assessment of it must be supported by some medical evidence of [the plaintiff's] ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citation omitted). But "there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.* (citations omitted).

### A. Mental Limitations

Plaintiff argues the RFC is unsupported by substantial evidence because the ALJ did not include mental limitations in the RFC. While the ALJ is required to "develop the record fully and fairly," she is "not required to discuss every piece of evidence submitted." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010). Additionally, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Id.* When the ALJ finds no severe mental impairments, she is not required to discuss any mental limitations in the RFC. *Johnson v. Berryhill*, No. 4:17-CV-0416-DGK, 2018 WL 2336297, at *2 (W.D. Mo. May 23, 2018); *see also* SSR 96-8p ("The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments[.]").

The ALJ found Plaintiff's depression and anxiety were non-severe and did not limit her functioning. R. at 18. In coming to her conclusion, the ALJ considered the record as a whole, including Plaintiff's clinical examinations where she demonstrated

"full cognition, intact memory, cooperative behavior, and good affect." *Id.* The ALJ also considered treatment notes showing Plaintiff's mental health is controlled with medication, so long as Plaintiff is compliant. *Id*. The ALJ determined Plaintiff's depression and anxiety "do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities." *Id.* Because these impairments caused minimal limitations, the ALJ was not required to include those minimal limitations in the RFC. *See Browning v. Colvin*, No. 13-00266-CV-W-REL, 2014 WL 4829534, at *37 (W.D. Mo. Sept. 29, 2014).

Plaintiff also argues the ALJ improperly relied on the opinion of non-treating physician, Dr. Brandhorst. When determining the persuasiveness of a medical opinion, the ALJ considers (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. 20 C.F.R. §§ 404.1520c(a), (c)(1)-(5). The ALJ must articulate how she considered supportability and consistency, which are the two most important factors. *Id.* § 404.1520c(b)(2). The ALJ may, but is not required to, explain how other factors were considered. *Id.* § 404.1520c(b)(3). The ALJ properly articulated the supportability and consistency of Dr. Brandhorst's medical opinion. R. at 23-24. Dr. Brandhorst's opinion is consistent with and supported by "the fact that [Plaintiff's] mental health is adequately controlled with medication and that she has not received any specialized mental health treatment throughout the period at issue." R. at 23-24. Accordingly, the ALJ's RFC is supported by substantial evidence.

### B. Physical Limitations

Plaintiff argues the physical limitations included in the RFC are unsupported by substantial evidence. Although the ALJ found Plaintiff had "severe" impairments, including fibromyalgia, osteoarthritis of both knees, degenerative disc disease, and obesity, Plaintiff argues the ALJ did not include additional limitations in the RFC or provide a hypothetical question to the VE during the hearing that included limitations related to these severe impairments.

An ALJ may find objective medical evidence does not support a claimant's allegations as to the intensity, duration, and limiting effects of physical impairments. *Vance v. Berryhill*, 860 F.3d 1114, 1120 (8th Cir. 2017). Inconsistencies between the

claimant's subjective complaints and evidence regarding her activities of daily living may raise legitimate concerns about credibility. *Id.* at 1121. Here, the ALJ found the objective medical evidence, daily living activities, and medical opinions were inconsistent with Plaintiff's alleged limitations associated with back and knee pain, fibromyalgia, and obesity. R. at 21-22.

The ALJ observed imaging of Plaintiff's back and neck indicated mild impairments. R. at 21. Although imaging of her knees revealed moderate to severe findings, the ALJ found Plaintiff's gait was often described as normal, there was no loss of strength in her lower extremities, did not require an assistive device, and Plaintiff reported her pain was controlled with medication. R. at 21-22. Although the ALJ found the objective evidence was inconsistent with Plaintiff's allegation of severe knee and back pain, the ALJ "adequately accounted for these impairments by limiting [Plaintiff] to a range of light work with additional postural limitations." R. at 22.

The ALJ similarly found the objective evidence did not support Plaintiff's allegation that fibromyalgia and obesity was more limiting than the ALJ's RFC. *Id.* In fact, the record contained only one instance where a medical provider administered a tender point examination to confirm fibromyalgia. R. at 22, 437-440. And treatment notes indicate prescribed medication was effective in reducing her pain. R. at 22. Nevertheless, the ALJ considered and incorporated limitations associated with these impairments by limiting Plaintiff "to a range of light work with additional postural limitations" in the RFC. *Id.*

The ALJ found Plaintiff's daily activities contradicted her subjective complaints. Plaintiff indicated she was raising six grandchildren, performed manual labor at previous jobs, and engaged in various social functions. R. at 22. Further, Plaintiff stated she bathed and dressed herself, unloaded the dishwasher, prepared meals, drove a vehicle, and shopped. R. at 22-23. The ALJ determined Plaintiff's participation in these activities "undermine[d]…[Plaintiff's] allegations of disabling functional limitations." R. at 22-23.

The ALJ also considered a medical opinion from State agency physician, Dr. Dugan, who opined Plaintiff could return to work but could not "lift weight in excess of twenty pounds nor kneel or climb secondary to arthritis." R. at 24. Plaintiff argues Dr.

Dugan's opinion should have precluded kneeling and climbing from the ALJ's RFC. Although Dr. Dugan opined Plaintiff could not kneel or climb, the ALJ considered the record as a whole, including Plaintiff's statements regarding her daily living, which were inconsistent with the allegations of knee and back pain. R. at 22. Regardless, the RFC limits Plaintiff to "occasionally climb, stoop, kneel, crouch, and crawl." R. at 20.

Finally, Plaintiff argues the ALJ ignored Plaintiff's shoulder, wrist, and hand impairments in establishing the RFC. But substantial evidence in the record supports the ALJ's decision not to include additional or greater physical limitations in the RFC. The record shows Plaintiff was not functionally limited by her shoulder, wrist, or hand impairments. R. at 443. During an exam by Dr. Schwartz, Plaintiff expressed "full range of motion in all four extremities," could "oppose all fingers, make a tight fist," and had "5/5 strength." R. at 443. The exam also revealed Plaintiff was capable of daily tasks using her shoulder, wrists, and hands. R. at 443.

The ALJ did not ignore these impairments. She noted the impairments were acute and did not "satisfy the twelve-month durational requirement set forth in the Act." R. at 18. In concluding the conditions were neither disabling nor a significant source of persistent functional limitation, the ALJ properly concluded the other physical impairments were non-severe. For these reasons, the ALJ's RFC is supported by substantial evidence.

## IV. Conclusion

For the foregoing reasons, the ALJ's decision denying benefits is affirmed.
IT IS SO ORDERED.

DATE: June 29, 2020

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT